# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONNIE LEE OWEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV1547 HEA |
| RICHARD LISENBE and LIEUTENANT MATT SHULTS, | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Ronnie Lee Owen, an inmate at Phelps County Jail, to reconsider the Court's Memorandum and Order dated August 21, 2017. Specifically, plaintiff seeks leave to file this action without payment of the $1.00 initial filing fee previously ordered by the Court. Having reviewed plaintiff's financial information, including his certified inmate account statement, the Court will vacate the portion of its prior Memorandum and Order that ordered plaintiff to pay the $1.00 initial filing fee. *See* 28 U.S.C. § 1915(b)(4). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.[1]

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

---

[1] On September 30, 2016, plaintiff filed a substantially similar case in this Court. *See Owen v. Lisenbe*, Case No. 4:16-CV-1567 AGF (E.D. Mo.). Plaintiff's first case was dismissed without prejudice for failure to pay the initial partial filing fee, and for failure to provide the Court with an updated address. *Id.* at Doc. 20.

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average negative monthly balance, and no deposits. For this reason, the Court will waive the initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). However, plaintiff is not excused from paying the filing fee. The agency having custody of plaintiff will be directed to begin forwarding payments from plaintiff's inmate account, pursuant to 28 U.S.C. § 1915(b)(2), until the $400 filing fee is paid in full.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

On September 27, 2017, plaintiff filed an amended complaint under 42 U.S.C. § 1983 against Richard Lisenbe, Sheriff of Phelps County, Missouri; and Matt Shults, Lieutenant and Jail Administrator of the Phelps County Jail, in their official and individual capacities. Plaintiff complains of overcrowding at the jail, stating that the capacity of the jail is 118 to 124 inmates, but the jail is holding 180 to 270 inmates, with an average inmate population of 220. Plaintiff is housed in the E-Pod, which was designed to house 16 inmates—for example, there are 16 bunks, 16 stools at 4 tables for dining, 16 hangers for wet towels, 2 toilets, and 2 showers. Plaintiff alleges the average number of inmates in the E-Pod is 36, but at times can rise to 55 inmates.

Plaintiff alleges that because of the overcrowding, the jail is unsanitary, does not allow recreation time, fresh air or daylight, food service is compromised, and plaintiff has been forced to sleep on concrete. On one occasion, while he was suffering severe stomach pains and severe diarrhea, plaintiff was forced to wait more than two hours for a toilet. Eventually, he soiled himself. He states that subsequently, "I was forced to sit in my own filth for 1+ hours waiting on an open shower to wash myself, which caused a rash, itching, pain, and discomfort." Plaintiff also alleges that because of overcrowding, he often has to stand and eat his meals off a large tray, or balance the tray on his knees while seated on a top bunk. He states that on more than 70 occasions over the past year, he has spilled or dropped his tray, and has had to go without food. The jail cannot replace the spilled food because of the sheer number of spilled trays per meal.

Plaintiff alleges the stress and frustration caused by the overcrowding has caused two fights in which he was injured by other inmates.

In addition, overcrowding has caused the jail administrators to repurpose the gym into additional housing units. The outside recreational area has also been repurposed for dog training. Plaintiff alleges he has had no recreational time, has not been outside, or had sunlight or fresh air in more than a year. He states the overcrowding has caused him illness, migraines, stomach problems, shortness of breath, chest pains, and joint pain.

Plaintiff has complained to defendants about the conditions, and states he was threatened by defendant Shults that if he continued to complain he would serve his time in the "pink room" (*i.e.*, a punishment cell with no mattress, bunk, or toilet) and that "there are worse things that could befall me if I didn't cease my complaints." For relief, plaintiff seeks release from jail and monetary damages of $11,150,075.00.

## Discussion

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, an inmate must show that the alleged deprivations denied him the minimal civilized measure of life's necessities and that defendants were deliberately indifferent to excessive risk to his health or safety. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). Overcrowding alone does not describe a constitutional violation. *See Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991). Overcrowding that leads to increased danger, poor supervision, safety, medical care, and food preparation, however, can violate the Eighth Amendment. *See Cody v. Hillard*, 799 F.2d 447, 450 (8th Cir. 1986), *on reh'g*, 830 F.2d 912 (8th Cir. 1987) (citing cases).

Plaintiff has alleged that the overcrowding at the Phelps County Jail has deprived him of essential food, sanitation, and has increased violence among himself and other inmates. He has also alleged the lack of recreational facilities, due to overcrowding, has deprived him of all

exercise, direct sunlight, and fresh air for more than a year. As a result, he alleges he suffers severe emotional distress, stress, and illness (including migraines, diarrhea, rash, chest pain, severe joint pain, and degenerating arthritis). Plaintiff's individual-capacity claims against defendant Lieutenant Matt Shults, the Jail Administrator, are not frivolous. As a result, the Court will order the Clerk to serve process on Mr. Shults.

Plaintiff's claims against Sheriff Richard Lisenbe, however, sound in respondeat superior. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Claims sounding in respondeat superior are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff does not allege that Sheriff Lisenbe was causally linked to, or bore any personal responsibility for, the lack of sanitary conditions, lack of recreation, deprivation of food, or the increased violence in the Phelps County Jail. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Sheriff Lisenbe.

Additionally, the Court will dismiss plaintiff's claims brought against both individual defendants in their official capacity. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any

allegations that a specific policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider the Memorandum and Order dated August 21, 2017 to the extent it required plaintiff to pay a $1.00 initial filing fee [ECF No. 15] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived.

**IT IS FURTHER ORDERED** that the institution having custody of plaintiff shall, whenever the amount in plaintiff's prison account exceeds $10.00, send monthly payments that equal 20 percent of the funds credited to the account the preceding month to the United States District Court for the Eastern District of Missouri Clerk's office, pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $400 is paid in full.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve defendant Lieutenant Matt Shults with summons for the claims brought against him in his individual capacity.

**IT IS FURTHER ORDERED** that defendant Richard Lisenbe is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 17th day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE