UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE LEE OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1547 HEA |
| | ) | |
| RICHARD LISENBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to reconsider the partial dismissal of this action under 28 U.S.C. § 1915. For the following reasons, the motion will be denied.

Plaintiff, an inmate at Phelps County Jail, brought his complaint against Richard Lisenbe, Sheriff of Phelps County, Missouri; and Matt Shults, Lieutenant and Jail Administrator of the Phelps County Jail pursuant to 42 U.S.C. § 1983. Plaintiff alleged that the overcrowding at the Phelps County Jail has deprived him of essential food, sanitation, and has increased violence among himself and other inmates. He also alleged the lack of recreation facilities, due to overcrowding, has deprived him of all exercise, direct sunlight, and fresh air for more than a year. Plaintiff also alleged that because of the overcrowding, the Phelps County Jail does not have the staff to inspect the mail, and therefore inmates do not always receive their mail.

On initial review under 28 U.S.C. § 1915(e)(2), the Court found that plaintiff's individual-capacity claims against Lieutenant Matt Shults were not frivolous, and the Court directed the Clerk to issue process upon the complaint. The Court, however, dismissed plaintiff's allegations against Sheriff Lisenbe because plaintiff did not allege that Sheriff Lisenbe was causally linked to, or bore any personal responsibility for, the lack of sanitary conditions, lack of

recreation, deprivation of food, or the increased violence in the jail. Additionally, the Court dismissed all plaintiff's official-capacity claims, because he had not alleged a specific policy or custom of a government entity was responsible for the alleged constitutional violations. *See* ECF No. 16.

In his motion to reconsider, plaintiff states that Sheriff Lisenbe "has a direct responsibility [for] the health, safety, and welfare of plaintiff, he does delegate such responsibility to Lieutenant Shults, which gives BOTH the equal responsibility, but also means that Sheriff Lisenbe has the added responsibility to oversee Lt. Matt Shults." As the Court stated in its Memorandum and Order dated October 17, 2017, "[c]laims sounding in respondeat superior are not cognizable under 1983." *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff's motion to reconsider expressly states that Sheriff Lisenbe delegates responsibility of the Phelps County Jail to Matt Shults, the Jail Administrator. Plaintiff has not alleged that Sheriff Lisenbe was directly responsible for the deprivation of his rights. As a result, the complaint fails to state a claim upon which relief can be granted against defendant Lisenbe, and the Court will deny plaintiff's motion to reconsider.

Plaintiff also seeks to have his official-capacity claims reinstated. In his motion to reconsider, plaintiff does not allege any facts from which the Court could find that a specific policy or custom of a government entity is responsible for his alleged constitutional violations.

For these reasons, plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reconsider the Order of Partial Dismissal is **DENIED**.   [ECF No. 20]

Dated this 30th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE