UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE LEE OWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV1547 HEA |
| ) | |
| RICHARD LISENBE and ) | |
| MATT SHULTS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 32], Plaintiff's Motion to Appoint Counsel, [Doc. No. 34], Plaintiff's Motion to Request Action by the Court for Cause, [Doc. No. 35], Plaintiff's Motion for Action for Cause, [Doc. No. 36], Plaintiff's Motion to Appoint Counsel, [Doc. No. 37], and Plaintiff's Motion to Appoint Counsel, [Doc. No. 39].

**Motion for Temporary Restraining Order**

Plaintiff requests a restraining order against employees at the MCFP Springfield facility in which he had been housed. The Motion seeks relief from this Court for alleged violations of Plaintiff's rights by employees, in particular, Counselor Felicia Williams, for the alleged failure of Counselor Williams to turn over legal documents sent by defendants herein to Plaintiff.

No employee of MCFP-Springfield is a party to this action, and therefore, this Court is without jurisdiction over anyone involved in the alleged violations.

Likewise, none of the allegations contained in the Motion have direct connection with the subject matter of this case, rather, Plaintiff complains that Counselor Williams violated his rights in failing to surrender to him his legal mail. These alleged violations raise different issues and should be the subject of a different lawsuit, if Plaintiff desires to bring the alleged violations before the Court.

Likewise, the Court does not have jurisdiction regarding the administration of the Bureau of Prisons and the procedures for delivering legal mail to inmates. The Bureau of Prisons indeed has an internal grievance procedure which Plaintiff should follow prior to raising these issues in this Court. Plaintiff's Motion for Temporary Restraining Order is therefore denied.

**Motions to Appoint Counsel**

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex. The Motions to Appoint Counsel are denied.

**Motions for Action**

In his "Motions for Action," Plaintiff seeks rulings from the Court on pending Motions. Since the Motions are the subject of this Opinion, Memorandum and Order, the Motions for Action are moot and are therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order, [Doc. No. 32], is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, [Doc. No. 34], Plaintiff's Motion to Appoint Counsel, [Doc. No. 37], and Plaintiff's Motion to Appoint Counsel, [Doc. No. 39], are denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Action by the Court for Cause, [Doc. No. 35], and Plaintiff's Motion for Action for Cause, [Doc. No. 36], are denied as moot.

Dated this 24th day of October, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE