UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE LEE OWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1547 HEA |
| | ) | |
| LT MATT SHULTS, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 66]. Plaintiff has not responded to the motion. For the reasons set forth below, the motion is granted.

## Facts and Background

Plaintiff brought this action seeking damages for alleged violations of his constitutional rights while he was confined at the Phelps County jail. Plaintiff claims he was deprived of essential food, sanitation, recreational facilities and has suffered emotional distress, stress, and illness.

The Court has previously dismissed Plaintiff's claims against all defendants except Defendant Shults. Defendant Shults now moves for summary judgement.

## Summary Judgment Standard

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); *see* Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.* "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and citation omitted)

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v.*

*Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## Undisputed Record and Discussion

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Plaintiff has failed to file any response to the motion.

Local Rule 7-401(E) provides:

Rule 7 - 4.01 Motions and Memoranda.

(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendant's facts may be deemed admitted.

The material facts, therefore, are as follows.

Plaintiff was booked into the Phelps County Jail on March 9, 2017.

The highest number of individuals confined in Pod E of the Phelps County Jail for March 9, 2017 through December 4, 2017 was 44. The highest total number of individuals confined in the Phelps County Jail for March 9, 2017 through December 4, 2017 was 234.

Plaintiff filed 84 grievances via the Keefe Offender Communication Center between March 18, 2017 and November 11, 2017. None of Plaintiff's grievances mention having to wait for a toilet, soiling himself, being unable to eat because of spilled food, increased violence among himself and other inmates, or being deprived of recreational facilities. Plaintiff never made a grievance on the Keefe Offender Communication Center related to overcrowding. Plaintiff did not go without food due to overcrowding.

Plaintiff stated that the jail was unsanitary because the upstairs toilet would overflow.

On May 24, 2017, Owen filed a grievance alleging that he did not receive cookies in his dinner sack and requesting punitive damages because he did not receive cookies: "PLEASE REMIN [sic] THE COOKIES I AM ENTITLED TO.

5

FOR THE DELAY I SHOULD GET SOMETHING FOR THE PUNIYIVE [sic] for punitive damages." Sgt. Dowdy responded.

On July 7, 2017, Plaintiff filed a grievance alleging that he did not receive Tylenol zpac and eardrops, to which Nurse Kelly replied that his medications had been ordered as they were not stocked in the facility.

On July 2, 2017, Plaintiff filed a grievance alleging that he only received nine chips in his bag, instead of 15-20: "once again i [sic] must complain about the chips, there are supposed to be 15 to 20 in the bag, tonight there were only nine in my bag." Cpl. Alexander responded he should receive about 7 to 8 chips according to the menu.

On June 22, 2017, Plaintiff filed a grievance stating that his bag of chips only had five chips, the night prior his bag had seven, and the night before that his bag had eight chips. Dietary Specialist Gruber responded that he would address this issue.

Plaintiff had diarrhea once, resulting in him soiling himself, and that was the only time during his confinement that that occurred.

Plaintiff was able to shower at any time during the day.

Plaintiff was able to walk around E pod, walk laps, and walk the steps.

Plaintiff does not believe any undercooking or overcooking of food was done with specific intent, but rather because staff was in a hurry.

## Discussion

"Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Owens v. Scott County Jail,* 328 F.3d 1026 (8th Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In determining when pretrial detention is considered unconstitutionally punitive, the courts apply the Eighth Amendment deliberate indifference standard. *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single,

identifiable human need such as food, warmth, or exercise.' " *Id.*, (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).

"Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.' " *Martin v. Byrd*, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D. Ark. 2008) (quoting *Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.))

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The Eighth Circuit analyzes both a pretrial detainee's and a convicted inmate's claim of inadequate medical care under the deliberate indifference standard. *See Butler v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006). To prevail on his Eighth Amendment claim, Plaintiff must prove Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.' " *Jolly v. Knudsen*, 205 F.3d

1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

In order for a prisoner to establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

When a delay in medical treatment is the alleged constitutional deprivation, the objective seriousness of the deprivation must also be measured by reference to the effect of delay in treatment. As a result, to succeed on a delay in medical treatment claim, the plaintiff "must place verifying medical evidence in the records to establish the detrimental effect of delay in medical treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quotation marks omitted) (quoting

*Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)). On summary judgment, a plaintiff must offer evidence a delay in treatment had a detrimental effect. In the absence of such evidence, a plaintiff "fail[s] to raise a genuine issue of fact on an essential element of his claim." *Id.*

"[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996). In *Dulany v. Carnahan*, 132 F.3d 1234 (8th Cir. 1997), the Eighth Circuit said:

As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment. Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976).

In his Complaint, Plaintiff claims the facility was overcrowded, which led to deprivation of food, exercise, sanitary conditions, lack of adequate restroom and shower facilities, recreation areas and time, lack of storage areas, was deprived

recreation, sufficient storage, and has had heightened stress. Plaintiff did not allege anything more than discomfort caused by these conditions and did not specify the length of time involved or what actions the individual Defendants took to deprive him of his rights.

The uncontroverted facts establish that all of Plaintiff's grievances were addressed as they were filed, the facility was not overcrowded, he was given adequate shower time, recreation, and food.

Likewise, the uncontroverted facts establish that Plaintiff cannot show Defendant Shults knew of and disregarded, or was deliberately indifferent to, Plaintiff's health and safety.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 66] is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE